UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BOARD OF TRUSTEES of the PLUMBERS,　　　Case No. 1:08-cv-901
PIPE FITTERS & MECHANICAL
EQUIPMENT SERVICE, LOCAL UNION　　　　Chief Judge Susan J. Dlott
NO. 392 PENSION FUND,　　　　　　　　　Magistrate Judge Timothy S. Black

　　　　Plaintiff,

vs.

AIRSTREAM MECHANICAL, *et al.*,

　　　　Defendants.

## REPORT AND RECOMMENDATION[1] THAT PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (Doc. 47) BE GRANTED

This case is before the Court upon Plaintiff's motion for default judgment against

Defendants Airstream Mechanical, Airstream Mechanical, LLC, Airstream Contracting,

LLC, Mohawk Development, LLC, Mohawk Development, Meloche Holdings, LLC, and

Arrow Contracting LLC (Doc. 47), as a result of their failure to plead, answer, or otherwise

move or defend as to Plaintiff's complaint, application for entry of default, or motion for

default judgment.

## I.  BACKGROUND FACTS AND PROCEDURAL HISTORY

On December 30, 2008, Plaintiff initiated this action by filing a complaint.  (Doc.

1).  On April 28, 2009, a return of service was executed on Defendants Airstream

Mechanical (Doc. 22), Arrow Contracting, LLC (Doc. 23), Mohawk Development (Doc.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

24), Meloche Holdings, LLC (Doc. 25), Airstream Contracting, LLC (Doc. 27), Mohawk

Development, LLC (Doc. 28), and Airstream Mechanical, LLC (Doc. 47, Ex. 1).  These

Defendants, however, failed to file an answer or otherwise respond to Plaintiff's

complaint.

 As a result, Plaintiff's counsel filed an application for entry of default.  (Doc. 32).

Thereafter, the Clerk entered default.  (Doc. 37, amended as Doc. 49).  Subsequently,

Plaintiff's counsel filed the instant motion for default judgment.  (Doc. 49).

 Plaintiff alleges that the Defendants are a commonly controlled group of

corporations within the meaning of Section 4001(b)(1) of ERISA, 29 U.S.C. § 1301(b)(1),

Section 414(c) of the Internal Revenue Code, 26 U.S.C. § 414(c), and implementing

regulations, Treas. Reg. § 1.414(c)-2(c), and within the meaning of 26 U.S.C. § 1563.   As

such, Defendants are jointly and severally liable to Plaintiff for withdrawal liability

assessed as to Defendant Airstream Mechanical, LLC, as a result of a Collective

Bargaining Agreement ("CBA") it entered into with Plaintiff which required contributions

to a pension fund on behalf of participating employees.  (Doc. 1).  Defendants allegedly

failed to submit interim withdrawal liability payments in accordance with Section

4219(c)(2) of ERISA and further failed to initiate arbitration within 60 days of written

notice of withdrawal liability, pursuant to Section 4221(a)(1)(A) of ERISA.  (*Id.*)

Accordingly, Defendants are allegedly in default pursuant to Section 4219(c)(5)(A) of

ERISA, and all outstanding amounts of withdrawal liability, plus accrued interest on the

outstanding liability are due and owing pursuant to Section 4219(c)(5) of ERISA.

Defendants allegedly owe Plaintiff $242,089.00 in outstanding withdrawal liability. (*Id*. at

Ex. 2).

Additionally, Defendants allegedly owe Plaintiff liquidated damages pursuant to the

CBA in the amount of $19,367.12, interest in the amount of $12,709.67 (Prime Rate, plus

2%) pursuant to 29 U.S.C. § 1399(c)(6), and reasonable attorney's fees and costs in the

amount of $20,458.45 pursuant to 29 U.S.C. § 1132(g)(2)(E).

Plaintiff is seeking an Order from the Court: (1) holding Defendants jointly and

severally liable for $294,633.24; and (2) for all such other relief as the Court may deem

just and equitable. (Doc. 47).

## II.   DEFAULT JUDGMENT STANDARD

The procedure governing the entry of default and default judgment is provided by

Fed. R. Civ. P. 55, which states in pertinent part:

(a)      Entry.  When a party against whom a judgment for affirmative relief
is sought has failed to plead or otherwise defend as provided by these rules
and that fact is made to appear by affidavit or otherwise, the clerk shall enter
the party's default.

(b)  Judgment.  Judgment by default may be entered as follows: (1) By the Clerk.
When the plaintiff's claim against a defendant is for a sum certain or for a sum
which can by computation be made certain, the clerk upon request of the plaintiff
and upon affidavit of the amount due shall enter judgment for that amount and costs
against the defendant, if the defendant has been defaulted for failure to appear and
if he is not an infant or incompetent person.

(2)  By the Court.  In all other cases the party entitled to a judgment by default
shall apply to the court therefor; but no judgment by default shall be entered
against an infant or incompetent person unless represented in the action by a
general guardian, committee, conservator, or other such representative who
has appeared therein. If the party against whom judgment by default is sought

has appeared in the action, the party (or, if appearing by representative, the party's representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute of the United States.

Fed. R. Civ. P. 55(a), (b).

When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided in the Federal Rules of Civil Procedure, and that fact is made to appear by affidavit or otherwise, the Clerk shall enter the party's default. *See* Fed. R. Civ. P. 55(a). Once the default has been entered, the well-pleaded facts of the complaint relating to liability must be accepted as true. *See Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.,* 722 F.2d 1319, 1323 (7th Cir. 1983). However, those allegations relating to the amount of damages suffered are ordinarily not; a judgment by default may not be entered without a hearing on damages unless the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits. (*Id*).

## III. ANALYSIS

Upon review of the record, the undersigned finds and recommends that default judgment is warranted.

The Court finds that Defendants Airstream Mechanical, Airstream Mechanical, LLC, Airstream Contracting, LLC, Mohawk Development, LLC, Mohawk Development,

Meloche Holdings, LLC, and Arrow Contracting, LLC were properly served (Docs. 23, 24, 25, 27, 28, and 47, Ex.1) with notice of these proceedings in accordance with Ohio Civ. R. 4.4 and have failed to plead or otherwise defend. Their failure to respond to Plaintiff's complaint, motion for entry of default, and motion for entry of judgment on damages has made it abundantly clear that they have no intention of defending this action. Therefore, default judgment on damages is warranted.

In this case, Plaintiff asks the Court to enter default judgment damages in the amount of $294,633.24 and has provided an affidavit and supporting documentation which establish the amount requested. (Doc. 47, Exs. 2, 3). The undersigned finds that Plaintiff's requested default damages of $294,633.24 is a sum certain documented by the pension plan and the affidavit of Joseph Mallon. (*Id.*) Therefore, a hearing to determine damages is not necessary. *See* Fed. R. Civ. P. 55(b); *Sw. Ohio Reg'l Council of Carpenters Pension Fund v. PJH Constr.*, No. 05-cv-19, 2005 U.S. Dist. LEXIS 15245, at *3-4 (S.D. Ohio June 28, 2005).

## IV.

### IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's motion for default judgment (Doc. 47) be **GRANTED**;

2. Default judgment be entered in Plaintiff's favor and against Defendants Airstream Contracting, LLC, Arrow Contracting, LLC, Airstream Mechanical, Airstream Mechanical, LLC, Mohawk Development, Mohawk Development, LLC and Meloche Holdings, LLC, jointly and severally, in the total amount of **$294,633.24**. Specifically:

   A. Withdrawal liability in the amount of $242,098.00;

B.      Liquidated damages in the amount of $19,367.12;

C.      Interest in the amount of $12,709.67; and

D.      Reasonable attorney's fees in the amount of $20,458.45.


**IT IS SO RECOMMENDED.**


Date:   <u>October 26, 2009</u>                                    <u>s/ Timothy S. Black</u>
                                                                      Timothy S. Black
                                                                      United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

BOARD OF TRUSTEES of the PLUMBERS,                    Case No. 1:08-cv-901
PIPE FITTERS & MECHANICAL
EQUIPMENT SERVICE, LOCAL UNION
NO. 392 PENSION FUND,
                                                      Chief Judge Susan J. Dlott
      Plaintiff,                                  Magistrate Judge Timothy S. Black

vs.

AIRSTREAM MECHANICAL, *et al.*,

      Defendants.


## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **15 DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **10 DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).