UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| BOARD OF TRUSTEES of the PLUMBERS, PIPE FITTERS & MECHANICAL EQUIPMENT SERVICE, LOCAL UNION NO. 392 PENSION FUND, | Case No. 1:08-cv-901 <br><br> Chief Judge Susan J. Dlott <br> Magistrate Judge Timothy S. Black |
|     Plaintiff, | |
| vs. | |
| BISON CONSTRUCTION, LLC, *et al.*, | |
|     Defendants. | |

**REPORT AND RECOMMENDATION[1] THAT PLAINTIFF'S MOTION TO AMEND THE COMPLAINT (Doc. 58) BE GRANTED**

This civil action is before the Court on Plaintiff's motion for leave to file a first amended complaint (Doc. 58) and Defendant Bison Construction's response (Doc. 60).

## I. BACKGROUND FACTS AND PROCEDURAL HISTORY

Plaintiff filed its initial complaint in this case against a group of commonly controlled corporations to collect withdrawal liability, interest, and liquidated damages owed as the result of an employer's alleged withdrawal from a multi-employer pension plan. Defendant Bison, through its attorney, filed an answer to the complaint and denied any liability to the Fund. Chief Judge Dlott adopted the Report and Recommendations of this Court and entered a default judgment order against the other seven corporate Defendants, jointly and severally, in the amount of $294,633.24. (Doc. 54). Accordingly,

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

Bison is the only remaining Defendant in the case.

On December 4, 2009, Jason Meloche, Jr., the principal officer of Bison, signed a Certificate of Dissolution. Mr. Fuchs then filed a motion to withdraw as counsel for Bison on December 9, 2009, based primarily on its dissolution.

Subsequent to the filing of the initial complaint in the instant case, Plaintiff discovered that the principal officer of Bison also owns and operates Bison Services, LLC and Snag Creek Rentals, LLC, two Kentucky corporations. In light of the newly discovered evidence, Plaintiff seeks to add these two entities as additional defendants.

In addition to amending the complaint to add the newly discovered corporations as defendants, Plaintiff further seeks to add the principal officers as defendants. Plaintiff claims that Bison's principal officer failed to properly wind up the affairs of the Company, and, instead, dissolved it in an attempt to escape liabilities to creditors, including Plaintiff.[2] As such, Plaintiff claims that the corporate officer has exposed himself to potential personal liability for Bison's obligations and Plaintiff requests leave of Court to file a first amended complaint and add the individual officers as Defendants.

### III. ANALYSIS

Leave to amend a complaint shall be freely granted when justice requires. Fed. R. Civ. P. 15(a). Rule 15(a) embodies "a liberal policy of permitting amendments to ensure

---

[2] Plaintiff claims that public records show that the Meloche family has participated in a scheme to incorporate and/or dissolve not less than 10 corporate entities within the states of Ohio and Kentucky. (Doc. 58).

the determinations of claims on their merits." *Marks v. Shell Oil Co.,* 830 F.2d 68, 69 (6th Cir. 1987).

Common law abated all litigation to which a corporation was a party when the corporation dissolved. However, the life of a corporation may be prolonged by statute for purposes of litigation. *Chadwick v. Air Reduction Co., Inc.*, 239 F. Supp. 247, 250 (N.D. Ohio 1965) (citing 13 OHIO JURISPRUDENCE 2nd, Corporation, § 937). Ohio Rev. Code § 1701.88 provides:

> (A) When a corporation is dissolved voluntarily, when the articles of a corporation have been canceled, or when the period of existence of the corporation specified in its articles has expired, the corporation shall cease to carry on business and shall do only such acts as are required to wind up its affairs, or to obtain reinstatement of the articles . . . and for such purposes it shall continue as a corporation.
>
> (B) Any claim existing or action or proceeding pending by or against the corporation or which would have accrued against it may be prosecuted to judgment, with right of appeal as in other cases.

*Chadwick* construed the meaning of Ohio Rev. Code § 1701.88 regarding causes of action which would have accrued against a corporate entity had it not dissolved:

> "Any claim existing (not yet sued upon) or action or proceeding (already commenced) pending by or against the (dissolved) corporation or (any claim not yet sued upon or action or proceeding) which would have accrued against it (had dissolution not occurred) may be prosecuted to judgment, with right of appeal as in other cases."

*Chadwick*, 239 F. Supp. at 251. Ohio courts are in accord with this position. In *North Consultants, Inc. v. Jane Stimel-Givens*, No. 83AP-851, 1985 Ohio App. LEXIS 6640, at *8 (Ohio 1985), the court observed that cancellation of a corporation's charter

3

> "in no way represents a forfeiture of the corporation's franchise. The cancellation represents no more than a suspension of the corporation's right to do business. The corporation may continue to operate as is necessary in the winding-up process, and formal action in quo warranto is required to revoke its corporate charter. Moreover, even if a corporation is dissolved it may still be sued, and satisfaction or performance of any judgment obtained may be enforced against such corporation."

Moreover, it is well established in Ohio, as well as in other jurisdictions, that the claims against a dissolved corporation may be pursued against the corporate officers if it is shown that the officers failed to properly wind up the corporate affairs. *See Wilkes Assocs. v. Hollander Indus. Corp.*, 144 F.Supp.2d 944 (S.D. Ohio 2001).

## IV. CONCLUSION

Accordingly, for the reasons stated herein, the undersigned **RECOMMENDS** that Plaintiff's motion to amend (Doc. 58) be **GRANTED** and Plaintiff directed to file its amended complaint forthwith.

Date: February 2, 2010                  s/ Timothy S. Black
                                                       Timothy S. Black
                                                       United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| BOARD OF TRUSTEES of the PLUMBERS, PIPE FITTERS & MECHANICAL EQUIPMENT SERVICE, LOCAL UNION NO. 392 PENSION FUND, | Case No. 1:08-cv-901 |
| Plaintiff, vs. | Chief Judge Susan J. Dlott Magistrate Judge Timothy S. Black |
| BISON CONSTRUCTION, LLC, *et al.*, | |
| Defendants. | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **14 DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **14 DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).